IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES MARTIN L'ESPERANCE,
as Personal Representative of the
ESTATE OF LYDELL L'ESPERANCE,
Deceased and PETE L'ESPERANCE,
JULIE L'ESPERANCE and MARK
L'ESPERANCE,

    Plaintiffs,

vs.                CIV No. 02-0258 MCA/JHG

JOHN MINGS, Individually and in
his official capacity as an Albuquerque
Police Department Officer and the
CITY OF ALBUQUERQUE,
a Municipal Corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

  **THIS MATTER** is before the Court on Plaintiffs' Motion to Compel Defendant Mings **[Doc. No. 45]**, filed March 6, 2003. Plaintiffs move the Court for an Order, compelling Defendant John Mings to properly respond to Plaintiffs' Second Set of Requests for Production. On January 17, 2003, Plaintiffs served Defendant Mings with their Second Set of Requests for Production. On February 14, 2003, Defendant Mings served his objections to these requests. Plaintiffs contend Defendant Mings interposed a baseless objection to Plaintiffs' requests for production number two.

  Plaintiffs' Request for Production No. 2 directs Defendant Mings to "produce all documents concerning or relating to any psychological or psychiatric referral, evaluations, or

treatment received during your employment with the Albuquerque Police Department since November 18, 2002 . . . ." Plaintiffs' Request for Production No. 2 also directed Defendant Mings to sign a release authorizing Plaintiffs to obtain such records from his employer and/or his psychological care providers. Defendant Mings objects to the disclosure of this information on the grounds that this information is protected by his physician-patient and/or psychotherapist privileges.

Under Fed.R.Civ.P. 26(b)(1), parties may obtain discovery regarding "any matter, not privileged, which is relevant to the subject matter involved in the pending action." The Rule's relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).

Defendant Mings argues that Plaintiffs are not entitled to "all documents concerning or relating to any psychological or psychiatric referral, evaluations, or treatment received during [his] employment with the Albuquerque Police Department" because such records are privileged. Defendant Mings relies on *Jaffe v. Redmond*, 518 U.S. 1 (1996), which recognized a psychotherapist-patient privilege. In *Jaffe*, the Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence. *Id.* at 14. However, the Court noted that "like other testimonial privileges, the patient may waive the protection." *Id.* at n.14. Additionally, the *Jaffe* Court declined to define the contours of the privilege, noting that such definition was more appropriately resolved on a case-by-case basis. *Id.* at 18.

2

Plaintiffs do not dispute that confidential communications between a psychotherapist and his patient are privileged.  However, Plaintiffs maintain that Defendant City of Albuquerque required Mings to undergo a psychological evaluation after the shooting incident that is the basis of this lawsuit to discuss the incident and to determine whether he was fit to return to duty. *See* Mings Dep.,  Pls.' Ex. 1.  Because this evaluation was at Defendant City of Albuquerque's directive and subsequently shared with Defendant City of Albuquerque, Plaintiffs contend the privilege does not apply.  The Court agrees.

In *Kamper v. Gray*, 182 F.R.D. 597 (E.D. Mo. 1998), a case involving a shooting incident by an undercover police officer, the district court found that the undercover police officer's communications with a  psychologist were not protected under the psychotherapist-patient privilege.  The district court reasoned that the undercover police officer had never established the privilege because he was never treated by a psychiatrist or psychologist.  The officer had been evaluated by the psychologist in the course of his employment and after the shooting incident that was the subject of the lawsuit.  Because the officer was aware that his evaluation would be shared with his employer, the Court found the officer had "no reasonable expectation of confidentiality regarding his communications" with the psychologist and therefore the privilege did not apply. *Id.* at 598.  The district court distinguished the case from *Jaffe*, finding that in *Jaffe* the defendant police officer voluntarily sought counseling and no reports regarding her sessions with the counselor were submitted by the counselor to third parties.

In this case, the Behavioral Sciences Division General Orders make clear that the "Department policy is to provide confidential psychological counseling when an employee **voluntarily** requests such service." *See* Pls.' Ex. A at unnumbered pg. 1.  Additionally, under the

3

heading **Referral and Confidentiality**, the department's policy indicates in pertinent part as follows:

> A. Self-referrals: When an employee self-refers to the Behavioral Sciences Division, a psychologist/client privilege exists. Information about the employee will not be released without a signed release from the employee.
>
> B. Mandated Referrals: Supervisors may mandate an employee to BSD for counseling if problems of the employee are impacting the employee's ability to perform their job. At no time will private/personal issues discussed in counseling be revealed; the same exceptions to confidentiality apply as in self-referral.

Pls.' Ex. A at unnumbered pg. 1. On the other hand, the department policy regarding "Officer-Involved Shootings" states in pertinent part:

> **Officer-Involved Shootings**
>
> In the event of an officer-involved shooting, the on-call BSD (Behavioral Sciences Division) psychologist will be contacted by Communications to respond to the scene  BSD will provide support for the officer(s) before the officer(s) are transported from the scent. BSD will conduct a one-on-one interview with the officer(s), after the officer(s) is interviewed by a Police Shooting Team Detective. BSD will:
>
> A. Provide the appropriate level of support/assistance to the officer(s) before the officer(s) is released from the investigation.
>
> B. Advise the officer(s) chain of command regarding the minimum mandatory three days of paid Administrative Leave.
>
> C. Meet with the officer(s) family members or significant other upon request; and,
>
> D. Interview the officer(s) following Administrative Leave to determine additional needs before they return to regular duty status.

*See* Pls.' Ex. A at unnumbered pg 2. The Court notes that the policy for Officer-Involved Shootings does not claim to create a psychologist/client privilege or to guarantee confidentiality. Accordingly, the Court finds that the policy for Officer-Involved Shootings did not intend to

create a psychologist/client privilege or to guarantee confidentiality because this information would be shared with the employer, Defendant City of Albuquerque.  Therefore, Defendant Mings will produce "all documents concerning or relating to any psychological or psychiatric referral, evaluations, or treatment" received during his employment with the Albuquerque Police Department since November 18, 2002, and sign a release authorizing Plaintiffs to obtain such records from his employer and/or his psychological care providers.

    **IT IS SO ORDERED.**

 

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**