IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAMES MARTIN L'ESPERANCE**, as
Personal Representative of the Estate of
**LYDELL L'ESPERANCE**, deceased,
and **PETE L'ESPERANCE**,
**JULIE L'ESPERANCE**, and
**MARK L'ESPERANCE**,

      Plaintiffs,

  vs.                              No**.**  **CIV-02-0258 MCA/RLP**

**JOHN MINGS**, individually, and in
his official capacity as an Albuquerque
Police Department Officer and the
**CITY OF ALBUQUERQUE**,
a municipal corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant John Mings' *Motion for Partial Summary Judgment No. I: Dismissal of Plaintiffs' State Law Intentional and Negligent Infliction of Emotional Distress and State Law and Section 1983 Negligence Claims*. [Doc. No. 52.] Having considered the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court finds that Defendant Mings' motion is well taken.

## I.     FACTUAL BACKGROUND

On March 7, 2002, Plaintiffs James L'Esperance, as personal representative of the Estate of Lydell L'Esperance, Pete L'Esperance, Julie L'Esperance, and Mark L'Esperance filed this civil action against Defendants John Mings and the City of Albuquerque. The Estate claims relief against Defendant Mings under Section 1983 for deprivation of Lydell L'Esperance's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution. The Estate also claims relief under state-law theories of negligence and battery. The Estate claims relief from the City under the theory of respondeat superior liability. The individual Plaintiffs claim relief under theories of intentional infliction of emotional distress and negligent infliction of emotional distress. Certain other claims presented in Plaintiffs' Complaint have been dismissed per the Stipulated Order [Doc. No. 61] filed on April 24, 2003.

Defendant Mings moved for summary judgment regarding individual Plaintiffs' intentional and negligent infliction of emotional distress claims, individual Plaintiffs' claims of right to familial association under the State and Federal Constitutions, and the Estate's Section 1983 claim based upon negligence and the Estate's state law claim of negligence. Defendant Mings argues that the Court should dismiss Plaintiffs' state law claims of negligent infliction of emotional distress, intentional infliction of emotional distress, and negligence because sovereign immunity bars any such claims. He also argues that the New Mexico Tort Claims Act (NMTCA) does not waive immunity for such actions. He argues that the Estate's

Section 1983 claim based upon negligence or gross negligence should be dismissed because such an action is not maintainable under law.

Plaintiffs argue that the NMTCA does waive immunity on their state tort claims. They concede that the Estate cannot maintain a Section 1983 claim against the officer based upon his negligence, but argue that they are trying to recover damages under the theory that Defendant Mings was negligent or reckless in his conduct leading up to his use of force, and that such force was excessive under the Fourteenth Amendment of the Constitution. (Plfs' Resp. at 13.) The Estate is claiming relief for negligence under state law. In response to Defendant's summary-judgment motion, the individual Plaintiffs, for the first time, brought forth a new constitutional claim concerning their alleged right to familial association under Article II, Section 18 of the New Mexico Constitution. Plaintiffs also argue that they have a claim regarding their right to familial association under the Fourteenth Amendment of the United States Constitution.

The undisputed facts and evidence of record pertaining to Defendant's summary-judgment motion can be summarized in the light most favorable to Plaintiffs as follows. On November 19, 2001, Lydell L'Esperance was involved in an altercation at the home of his parents at 8325 Ruidoso, N.E., in Albuquerque. (Compl. ¶ 7). His family called the Albuquerque Police Department to request their assistance in controlling the altercation. (Compl. ¶ 8). At 12:06 p.m., Officers John Mings and Raymond Fritts were dispatched to the scene. (Ex. A to Deft.'s Mem.) Upon the officers' arrival, Mark L'Esperance, Lydell's brother, told the officers that there was a confrontation between him and his brother. (Mings

Dep. at 64). He also told the officers that Lydell had struck him the previous evening. The officers observed a man walking out of 8325 Ruidoso whom Mark identified as Lydell. (Mings Dep. at 32-33; Ex. C at 3-4). Shortly afterwards, a confrontation resulted between the officers and Lydell, and Defendant Mings intentionally shot Lydell. (M. L'Esperance Dep. at 162; Compl. ¶ 10). Mark L'Esperance and Lydell's parents, Pete and Julie L'Esperance, witnessed Defendant Mings' use of deadly force. (P. L' Esperance Dep. at 162; M. L'Esperance Dep. at 161-162; Compl. ¶ 18).

## II.     DISCUSSION

### A.     Standard of Review

Summary judgment under Fed. R. Civ. P. 56(c) "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed. R. Civ. P. 56(e). Rather, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Id. Judgment is appropriate "as a matter of law" if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999).

In order to warrant consideration by the Court, the factual materials accompanying a motion for summary judgment must be admissible or usable at trial (although they do not necessarily need to be presented in a form admissible at trial).  See Celotex, 477 U.S. at 324. It is not the court's role, however, to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment.  Rather, the Court assumes the evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor.  See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999).

### B.   Sovereign Immunity Under New Mexico Tort Claims Act

The Legislature enacted the NMTCA in response to the judicial abrogation of sovereign immunity, and the basic intent of this enactment was to reestablish governmental immunity while creating specific exceptions for which the government could be sued for tort liability.  See Bd. of County Comm'rs. v. Risk Mgmt. Div., 120 N. M. 178, 899 P. 2d 1132 (1995). It is the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the NMTCA.  See N.M. STAT. ANN. § 41-4-2 (Michie 1978 & Supp. 1996).  A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort, except as waived. See N.M. STAT. ANN. § 41-4-4 (Michie 1978 & Supp. 2002); Ward v. Presbyterian Healthcare Servs., 72 F. Supp. 2d 1285, 1292 (D. N. M. 1999).

Section 41-4-12 of the Act sets out the applicable waiver of immunity for the acts or omissions of law enforcement officers. This Section provides that:

> [t]he immunity granted . . . does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

N.M. STAT. ANN. § 41-4-12 (Michie 1978 & Supp. 1996).

In the present case, the Estate argues that its claim is not mere negligence, but that Defendant Mings' negligent conduct resulted in one or more of the acts enumerated in Section 41-4-12 and, therefore, sovereign immunity is waived. This argument lacks merit.

The NMTCA does not waive sovereign immunity for simple negligence of law enforcement officers. See Caillouette v. Hercules, Inc., 113 N.M. 492, 497, 827 P.2d 1306, 1311 (Ct. App. 1992). The New Mexico Supreme Court has recognized, however, that if the acts enumerated in Section 41-4-12 were caused by the negligence of the law enforcement officers acting within the scope of their duties, immunity is waived for such negligence. See Methola v. County of Eddy, 95 N.M. 329, 333, 622 P.2d 234, 237 (1980).

The New Mexico Supreme Court's holding in Methola is limited to circumstances where the law enforcement officer's negligence relates to enumerated acts by a third party. See id. at 330, 622 P.2d at 234 (negligence relating to beating inflicted by prison inmates); Schear v. Bd. of County Comm'rs, 101 N.M. 671, 672, 687 P.2d 728, 729 (1984) (negligence relating to attack by third party after officers failed to respond to emergency call); Cal. First

Bank v. State, 111 N.M. 64, 73-74 n.6, 801 P.2d 646, 655-56 n.6 (1990) (negligence relating to battery by intoxicated driver); Weinstein v. City of Santa Fe, 121 N.M. 646, 648, 916 P.2d 1313, 1315 (1996) (negligence relating to improper release of rape suspect). Plaintiffs have identified no authorities which stand for the proposition that a law enforcement officer can be held liable for his own negligence under the NMTCA when the alleged negligence relates to enumerated acts under Section 41-4-12 that are committed by that same officer.

Nevertheless, Plaintiffs argue that Defendant Mings' conduct leading up to the shooting of Lydell is an enumerated act under Section 41-4-12, and that Defendant Mings can be held liable under the NMTCA for his own negligence relating to that act. This argument defies logic and common sense. A person cannot commit an enumerated act of assault or battery, which are *intentional* torts, and at the same time be negligent with respect to those acts. Cf. Eastland County Coop. Dispatch v. Poyner, 64 S.W. 3rd 182, 199 (Tex. Ct. App. 2001) (dismissing claim of negligent use of a firearm where the "pleadings and evidence suggest nothing other than that the officers intended to shoot" the victim). Because the existing precedent in New Mexico provides that immunity for an officer's negligence is not waived unless a third party commits one of the acts enumerated in N.M. STAT. ANN. § 41-4-12, the Estate's negligence claim against Defendant Mings must be dismissed.

As for the individual Plaintiffs' claims of intentional infliction of emotional distress and negligent infliction of emotional distress, immunity is not waived under the NMTCA because these torts are not enumerated in Section 41-4-12. See Romero v. Otero, 678 F. Supp. 1535, 1540 (D.N.M. 1987) (holding that the NMTCA does not waive immunity of law

-7-

enforcement officers for intentional infliction of emotional distress); Garcia-Montoya v. State Treasurer's Office, 2001-NMSC-003, ¶¶ 49-50, 130 N.M. 25, 16 P.3d 1084 (similar); Weinstein, 121 N.M. at 653, 916 P.2d at 1320 (holding that a plaintiff may not maintain a separate bystander claim for negligent infliction of emotional distress under Section 41-4-12); cf. Lucero v. Salazar, 117 N.M. 803, 806, 877 P.2d 1106, 1109 (Ct. App. 1994) (construing the NMTCA as "evincing a legislative intent not to waive immunity for injuries to indirect or incidental victims of tortious acts committed by government employees"). Therefore, these claims must be dismissed.

Plaintiffs also point out that the NMTCA waives immunity for negligence of public employees while acting within the scope of their duties in the operation of any building, public park, machinery, equipment, or furnishings. See N.M. STAT. ANN. § 41-4-6 (Michie 1978 & Supp. 1996). Plaintiffs contend that this provision of the NMTCA applies here because Defendant Mings allegedly was negligent in operating a firearm, and such negligence resulted in the wrongful death of Lydell and the emotional distress of the individual Plaintiffs. Plaintiffs have identified no authority, however, which establishes liability under the NMTCA on this theory.

The New Mexico Court of Appeals has held that Section 41-4-12 of the NMTCA is not the only waiver provision that applies to law enforcement officers. See Wilson v. Grant County, 117 N.M. 105, 106, 869 P.2d 293, 294 (Ct. App. 1994) (construing N.M. STAT. ANN. § 41-4-5 (Michie 1978 & Supp. 1996)). The same court has suggested, in dicta, that "[l]aw enforcement officers may also be sued for negligence 'in the operation or maintenance of

. . . equipment' under Section 41-4-6." Smith v. Village of Ruidoso, 1999-NMCA-151, ¶ 28 & n.2, 128 N.M. 470, 994 P.2d 50. But the term "operation" as it appears in Section 41-4-6 of the NMTCA must be construed narrowly, see Armijo v. Dep't of Health and Env't, 108 N.M. 616, 618, 775 P.2d 1333, 1335 (Ct. App. 1989), so as not to circumvent the New Mexico Supreme Court's holding that immunity is not waived for claims of negligent infliction of emotional distress in this context. See Weinstein, 121 N.M. at 653, 916 P.2d at 1320.

In this case, it is undisputed that Defendant Mings "intentionally fired his gun and killed the Plaintiffs' decedent, Lydell L'Esperance." (Compl. ¶ 10; Deft. Mings Answer ¶ 10.) Thus, even assuming that Section 41-4-6 of the NMTCA might apply to law enforcement officers, there is no evidence in this case that the gun was fired as a result of negligent operation or maintenance (such as a failure to keep the gun in good repair, or a failure to keep the gun properly holstered). Cf. Poyner, 64 S.W.3d at 199 (dismissing claim of negligent use of firearm where the "pleadings and evidence suggest nothing other than that the officers intended to shoot" the victim). It follows that Plaintiffs may not avail themselves of the waiver of immunity provided in Section 41-4-6 of the NMTCA under the circumstances of this case.

As a federal court interpreting state law, this Court declines to expand the NMTCA's waiver of sovereign immunity to cover Plaintiffs' novel theories without more specific guidance from the New Mexico courts. See Taylor v. Phelan, 9 F.3d 882, 887 (10th Cir. 1993) (holding that federal courts are generally reticent to expand state law without clear

guidance from its highest court). For the above reasons, Plaintiffs' claims of negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress must be dismissed.

### C.  State and Federal Constitutional Claims

As for the claims alleging a violation of the right of familial association under the substantive component of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Court already has dismissed the Estate's substantive due process claims in a prior *Stipulated Order*. [Doc. No. 61 at ¶ B]. The other Plaintiffs cannot maintain such a claim because 42 U.S.C. § 1983 only provides a cause of action for violations of Plaintiffs' personal rights and not the rights of someone else. See Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990); Dohaish v. Tooley, 670 F.2d 934, 936 (10th Cir. 1982). The precise interest that the individual Plaintiffs are asserting is a liberty interest, under the Due Process Clause of the Fourteenth Amendment, to be free of emotional trauma suffered as a result of observing allegedly excessive police force which was directed entirely against the deceased. The Supreme Court has stressed that "[h]istorically, th[e] guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property." Archuleta, 897 F.2d at 497 (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). The Supreme Court repeatedly held that the element of deliberateness is required in directing the misconduct toward the plaintiff before the Due Process Clause is implicated. See Archuleta, 897 F.2d at 498. The problem with Plaintiffs' claim is that no

state conduct was directed at them, and they cannot establish that Defendant had the requisite intent to violate their rights. See id.

The individual Plaintiffs were merely bystanders who were asserting indirect and unintended injury as a result of police conduct directed toward another. See id. In Archuleta, the court used the term "bystander" to refer to someone who witnesses police action, but who is not himself or herself an object of the action. See id. As such, a bystander is unable to assert the kind of deliberate deprivation of his or her rights necessary to state a due process claim under Section 1983. See id.; Grandstaff v. City of Borger, Tex., 767 F.2d 161, 172 (5th Cir. 1985) (holding that a rancher's wife and stepsons who witnessed a mistaken shooting of the rancher by police had no constitutional claim for their own emotional injuries under Section 1983 because there is no constitutional right to be free from witnessing this police action); Coon v. Ledbetter, 780 F.2d 1158 (5th Cir. 1986) (holding that the wife who witnessed sheriff's deputies shooting into her mobile home had no constitutional claim for emotional injuries because the deputies' action was not directed towards her). "[W]e must provide a logical stopping place for [Section 1983] claims." Trujillo v. Bd. of County Comm'rs, 768 F.2d 1186, 1190 (10th Cir. 1985).

In the present case, there is no evidence to show that the police officer directed any of his actions towards any of Plaintiffs with the requisite intent to cause them any physical or emotional damage. Plaintiffs admitted that at no time did they feel threatened by Defendant Mings' use of force against Lydell. (P. L'Esperance Dep. at 130; J. L' Esperance Dep. at 129-130; M. L' Esperance Dep. at 161). Defendant Mings' actions were directed solely toward

Lydell, not Plaintiffs. Under these undisputed facts, there was no conduct directed toward Plaintiffs, nor the requisite intent to injure Plaintiffs that would give rise to a due process claim under Section 1983. See Archuleta, 897 F.2d at 500. Therefore, Plaintiffs have failed to show violation of their due process rights under the Fourteenth Amendment, and Defendant Mings is entitled to summary judgment on these claims.

Finally, Plaintiffs' *Complaint* never properly alleged a state constitutional claim of right to familial association under Article II Section 18 of the New Mexico Constitution. Rather, this claim was raised for the first time in response to Defendant's summary-judgment motion. There was no timely motion to amend the *Complaint* to add such a claim under Fed. R. Civ. P. 15. Thus, the Court need not consider this claim.

Even assuming that Plaintiffs amended their complaint properly, it is not clear that New Mexico courts would allow a claim regarding a right to familial association under the state constitution in this context. In New Mexico, a plaintiff may not seek damages from a governmental entity for violation of state constitutional rights unless immunity is waived under the NMTCA. See Chavez v. City of Albuquerque, 124 N.M. 479, 482, 952 P.2d 474, 477 (Ct. App. 1997). A waiver based on state constitutional grounds should not swallow the rule of immunity or make the enumeration of acts in Section 41-4-12 superfluous. See Blea v. City of Espanola, 117 N.M. 217, 222, 870 P.2d 755, 760 (Ct. App. 1994). In light of these authorities, this Court declines to broaden the waiver of immunity to include Plaintiffs' novel state-constitutional claim without further guidance from the New Mexico appellate courts.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant Mings is entitled to summary judgment on the Estate's Section 1983 claim based on the theory of negligence, state tort claim of negligence, and individual Plaintiffs' claims for intentional infliction of emotional distress, negligent infliction of emotional distress under the state law, and their right to familial association under the State and Federal Constitutions.  Thus, the only claims remaining against Defendant Mings are the Estate's claim for excessive force under 42 U.S.C. § 1983 under the Fourth and Fourteenth Amendments and the state law claim of battery.

**IT IS, THEREFORE, ORDERED** that Defendant Mings' *Motion for Partial Summary Judgment No. I: Dismissal of Plaintiffs' State Law Intentional and Negligent Infliction of Emotional Distress and State Law and Section 1983 Negligence Claims* [Doc. No. 52] is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims of Plaintiffs Pete, Julie, and Mark L' Esperance against Defendant Mings are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Estate's state-law claims based on the theory negligence against Defendant Mings are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Estate's federal claim under 42 U.S.C. § 1983 based on the theory negligence against Defendant Mings is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this 18th day of June, 2003, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
*United States District Judge*