**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAMES MARTIN L'ESPERANCE,
as Personal Representative of the
ESTATE OF LYDELL L'ESPERANCE,
deceased,

                Plaintiffs,

v.                                                No. CIV 02-258 MCA/RLP

JOHN MINGS, Individually and in his
official capacity as an Albuquerque Police
Officer, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on motions in limine filed by both parties and upon Plaintiff's Motion Seeking Clarification of Ruling Regarding Admissibility of Pre-Use of Force Events of November 18 and 19, 2001, filed July 11, 2003. [Doc. No. 131]. On July 1, 2003, Defendant John Mings ("Defendant") filed Motion in Limine No. I: The Exclusion of Evidence at Trial Regarding the Officers' Use of Force in Prior and Subsequent, Unrelated Incidents, Police Standard Operating Procedures, Training, and Less Intrusive Alternatives [Doc. No. 91] and Motion in Limine No. II: The Admissibility of Evidence at Trial of Lydell L'Esperance's Misuse of Alcohol, Suicidal Ideation, Prior Criminal Misconduct, Illegal Drugs, and the L'Esperance Family's Negligent Conduct [Doc. No. 92]. Also on July 1,

1

2003, Plaintiff Estate filed its Third Motion in Limine to Exclude Witnesses and Testimony Concerning Pre-Use of Force Events of November 18 and 19, 2001 [Doc. No. 93] and Fourth Motion in Limine seeking to exclude evidence of Plaintiff decedent's prior history of crimes, wrongs or bad acts [Doc. No. 95].

The Court now has considered the briefs of both parties, including all responsive pleadings to the four motions in limine, exhibits, and the pertinent law. In addition, the Court heard argument from counsel for both parties at the call of the calendar on July 10, 2003, and has reviewed Plaintiff's request for clarification made on July 11, 2003. For the reasons stated below and during the July 10th hearing, the Court makes the following rulings.

## I.     Defendant's Motion in Limine No. I [Doc. No. 91]

Defendant's Motion in Limine No. I sought to exclude two categories of evidence at trial: (1) police officers' prior or subsequent use of force, unrelated incidents, internal affairs complaints, civil rights lawsuits and civil lawsuit settlements; and (2) police standard operating procedures and training and alleged violations of those procedures and/or training, as well as evidence of less intrusive alternatives to the use of deadly force.

As to the first category of evidence, the Court denied the request as moot because Plaintiff Estate agreed that it would not seek to introduce any such evidence at trial.

As to the second area of evidence, the Court grants the motion to exclude evidence of less intrusive alternatives to the use of deadly force.

The Court deferred ruling on the admissibility of standard operating procedures until copies of the pertinent procedures were supplied to the Court. On July 10, 2003, Plaintiff

faxed to the Court a Supplemental Response in Opposition to Defendant Mings' Motion in Limine No. I Seeking Exclusion of Evidence at Trial Regarding Police Standard Operating Procedures and Training, to which the pertinent standard operating procedures were attached as exhibits.[1] The Court now has reviewed those procedures and grants the motion to exclude evidence of police standard operating procedures and police training or violations thereof. The Court concludes that such evidence is not relevant to the pertinent inquiry of whether that officer acted reasonably in using deadly force. Romero v. Bd. of County Comm'rs., 60 F.3d 702, 705 (10th Cir. 1995); *see* Wilson v. Meeks, 52 F.3d 1547, 1554 (10th cir. 1995), *abrogated on other grounds by* Saucier v. Katz, 533 U.S. 194 (2001); Marquez v. City of Albuquerque, No. CIV 01-445 WWD/LFG, slip. op. at 2-3 (D.N.M. Sept. 24, 2002) [Doc. No. 148]. Moreover, even if the Court were to find that the evidence had some probative value, any such probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues and misleading the jury. FED. R. EVID. 403.

Thus, Defendant's Motion in Limine No. I is granted in part and denied in part as moot.

---

[1] As of July 11, 2003, this pleading has not been docketed. To the extent that Plaintiff did not file this pleading and attached exhibits with the Court, Plaintiff should do so as soon as practicable.

## II.     <u>Defendant's Motion in Limine No. II [Doc. No. 92]</u>

Defendant's Motion in Limine No. II sought to admit at trial all evidence of the Plaintiff's decedent's prior bad acts, including his misuse of alcohol, suicidal ideation, criminal convictions and arrests, illegal drug use and the L'Esperance family's alleged negligent conduct on November 18 and 19, 2001, preceding the shooting.

For the reasons stated on the record at the July 10th hearing, the Court denies the motion, in part, as to the liability portion of this case,[2] and grants the motion in part, to the extent that any such information about Plaintiff's decedent, known to Defendant Mings prior to the shooting incident, is admissible during the liability phase.

The alleged negligence of the L'Esperance family, however, even if "known" to Defendant Mings before the shooting is not admissible during the liability portion of the trial.

The Court defers ruling on the admissibility of evidence concerning Plaintiff's decedent's prior bad acts with respect to the damages portion of the trial, including, but not limited to whether evidence of Plaintiff's decedent's prior arrest or conviction record will be admissible as to hedonic damages. The Court also defers ruling on whether evidence of alleged negligence of the L'Esperance family will be admissible during the damages phase.

Thus, Defendant's Motion in Limine No. II is granted in part, denied in part, and deferred in part.

---

[2]In an Order entered July 8, 2003, the Court bifurcated the issues of liability and damages.

### III.   Plaintiff's Third Motion in Limine to Exclude Witnesses and Testimony concerning Pre-Use of Force Events of November 18 and 19, 2001 [Doc. No. 93]

Plaintiff's Estate's attorney explained during the July 10th hearing that the Court's bench rulings concerning the above-described motions filed by Defendant essentially encompassed the requests contained in its third and fourth motions in limine.

However, in order to provide further clarification, the Court denies, in part, Plaintiff's Third Motion in Limine. Evidence concerning the events occurring on November 18 and 19, 2001, will be admissible during the liability portion of the trial, subject to renewed objections, if appropriate, based on cumulative evidence. The events of November 18 and 19, 2001 (independent of whether they were known to Defendant Mings prior to the shooting) are viewed by the Court as being within the realm of the totality of the circumstances, and therefore, relevant. The Court defers ruling on the admissibility of this evidence with respect to the damages portion of the trial.

Thus, Plaintiff's Third Motion in Limine is denied in part and deferred in part.

### IV.   Plaintiff's Fourth Motion in Limine [Doc. No. 95]

Plaintiff Estate seeks to exclude from trial any evidence of Plaintiff's decedent's prior bad acts, crimes or wrongs. The issues and arguments presented in this motion are similar to those contained in Defendant's Motion in Limine No. II. The Court grants the motion to exclude this type of evidence during the liability phase, with the exception that any such information known to Defendant Mings prior to the shooting will be admissible. The Court

5

defers ruling on whether any of this evidence will be admissible during the damages phase of this case.

Thus, Plaintiff's Fourth Motion in Limine is granted in part, denied in part and deferred in part.

**IT IS, THEREFORE, ORDERED** that Defendant Mings' *Motion in Limine No. I: The Exclusion of Evidence at Trial Regarding the Officers' Use of Force in Prior and Subsequent, Unrelated Incidents, Police Standard Operating Procedures, Training, and Less Intrusive Alternatives* [Doc. No. 91] is **GRANTED IN PART** and **DENIED IN PART** for the reasons stated herein and during the July 10th, 2003 hearing.

**IT IS FURTHER ORDERED** that *Motion in Limine No. II: The Admissibility of Evidence at Trial of Lydell L'Esperance's Misuse of Alcohol, Suicidal Ideation, Prior Criminal Misconduct, ILLEGAL Drugs, and the L'Esperance Family's Negligent Conduct* [Doc. No. 92] is **GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART,** for the reasons stated herein and during the July 10th hearing.

**IT IS FURTHER ORDERED** that *Plaintiff's Third Motion in Limine to Exclude Witnesses and Testimony Concerning Pre-Use of Force Events of November 18 and 19, 2001* [Doc. No. 93] is **DENIED IN PART and DEFERRED IN PART,** for the reasons stated herein and during the July 10th hearing.

**IT IS FURTHER ORDERED** that *Plaintiff's Fourth Motion in Limine* [Doc. No. 95] is **GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART,** for the reasons stated herein and during the July 10th hearing.

**IT IS FURTHER ORDERED** that *Plaintiff's Motion Seeking Clarification of Ruling Regarding Admissibility of Pre-Use of Force Events of November 18 and 19, 2001* [Doc. No. 131] is **GRANTED** to the extent stated herein.

So ordered this 11th day of July, 2003.

**M. CHRISTINA ARMIJO**
*United States District Judge*